## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 21 2019, 9:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Ronald Kibbey
Martinsville, Indiana

ATTORNEY FOR APPELLEES

Matthew L. Kelsey
DeFur Voran LLP
Muncie, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

Ronald Kibbey,

*Appellant,*

v.

Fall Creek Associates LLC, et al.,

*Appellees.*

May 21, 2019

Court of Appeals Case No.
18A-PL-2223

Appeal from the Delaware Circuit Court

The Honorable Marianne L. Vorhees, Judge

Trial Court Cause Nos.
18C01-1805-PL-35
18C01-1807-PL-58

**Bailey, Judge.**

# Case Summary

[1] Fall Creek Associates, LLC ("Fall Creek") obtained a default judgment against LTC Investments LLC ("LTC") on September 4, 2018. Fall Creek obtained a judgment against Ronald Kibbey ("Kibbey"), the sole shareholder of LTC, on September 20, 2018. Kibbey filed interlocutory Notices of Appeal and filed a Notice of Appeal several months after entry of the judgment against him. He now presents the sole issue of whether he was deprived of procedural due process when he was denied the opportunity to represent LTC pro-se. Because Kibbey cannot represent LTC, and did not timely file an appeal of the judgment against him personally,[1] we dismiss.

# Facts and Procedural History

[2] On August 4, 2016, LTC and Fall Creek Associates, LLC ("Fall Creek") entered into a land contract whereby Fall Creek would purchase from LTC property located at 301 N. Madison in Muncie, Indiana ("the Property"). Fall Creek made substantial payments pursuant to the contract but was apparently unable to obtain financing due to liens against the Property. Fall Creek ceased making payments and Kibbey entered the Property by breaching the locks.

---

[1] Appellate Rule 9 provides that a party may initiate an appeal by filing a Notice of Appeal within thirty days after the entry of a final judgment as noted in the chronological case summary.

Allegedly, he returned to inject glue and other impediments into the locks and to erect signs indicating his right of occupancy.

[3] Kibbey, individually and purportedly on behalf of LTC, filed a quiet title action against Fall Creek in Cause Number 18C01-1807-PL-58 ("Cause No. 58"). On May 8, 2018, Fall Creek filed a breach of contract claim and tort claims against Kibbey and LLC in Cause Number 18C01-1805-PL-35 ("Cause No. 35"). The matters were consolidated for trial, and Kibbey sought to represent himself and LTC. The trial court advised Kibbey, orally and in writing, that LTC must be represented by an attorney.

[4] On August 8, 2018, Fall Creek moved for a default judgment in Cause No. 35.[2] On the same date, the trial court directed Kibbey to hire counsel for LTC by August 17, 2018 and advised that failure to do so would result in a default judgment against LTC. On August 13, 2018, Kibbey filed a "Corporate Defendant LTC Investment Inc.'s Notice of Being Dissolved and Defendant Ronald Kibbey's Motion for Emergency Hearing on Funds to be Placed in Escrow." (Appellee's App. Vol. II, pg. 4.) At a hearing on August 28, 2018, the trial court again advised Kibbey that LTC must be represented by an attorney, observing that "dissolution of a corporation does not transfer title to

---

[2] At some point, Fall Creek moved to dismiss Cause No. 58. The trial court dismissed that cause on September 10, 2018, without prejudice.

the corporation's property." (Tr. pg. 13.) The trial court took the motion for a default judgment under advisement.

[5] On September 4, 2018, the trial court granted the motion for a default judgment against LTC only and set the matter for a hearing on Kibbey's liability and both defendants' damages, to be held on September 20, 2018.[3] On September 18, 2018, Kibbey filed a Notice of Appeal regarding Cause No. 58 and Cause No. 35. The following day, in the trial court, he filed his "Emergency Motion to Vacate September 20, 2018 Bench Trial and Damages Hearing," advising the trial court that he had filed a Notice of Appeal to challenge the September 4, 2018 default judgment. (App. Vol. II, pg. 7.) Kibbey did not appear at the September 20 hearing. The trial court entered judgments for damages against LTC and Kibbey.

[6] Fall Creek moved this Court to dismiss the appellate actions. On November 9, 2018, this Court issued a consolidated order and dismissed the portion of the appeal pertaining to Cause No. 58. The Court determined that the order in Cause No. 58 was not a final judgment because the dismissal was without prejudice. As for Cause No. 35, the Court ordered LTC to obtain counsel within ten days and stated that failure to comply would result in dismissal of LTC's appeal to challenge the September 4, 2018 order.

---

[3] The trial court also denied Kibbey's request for a walk-through inspection of the Property. Kibbey does not challenge this portion of the order.

On January 2, 2019, this Court dismissed LTC as a party on appeal, with prejudice. Appellate proceedings continued, as to Cause 35 only, with Kibbey as the sole party appellant. On January 10, 2019, Kibbey filed an additional Notice of Appeal, describing the appellant as Kibbey d/b/a LTC Investments.

# Discussion and Decision

At the August 28, 2018 hearing, Kibbey argued that he had deeded the Property to himself and should be able to litigate by himself. On appeal, he contends that the denial of the opportunity to represent LTC in pending litigation was a denial of procedural process to which he was due.

Indiana Code Section 34-9-1-1(a)(1) provides that a civil action may be prosecuted or defended by a party in person. Accordingly, Kibbey had a right to represent himself. However, subsection (c) of the foregoing statute requires that, other than certain corporations involved in civil cases filed on a small claims docket of a circuit or superior court, "a corporation … must appear by [an] attorney in all cases." Kibbey is not an attorney and has no right to represent LTC, a corporation.

On five occasions, the trial court advised Kibbey that he could not represent LTC in litigation. Kibbey did not, as the shareholder of LTC, obtain legal counsel. Rather, he advised the trial court that he had dissolved the corporation and transferred the corporate interest in the Property to himself. When a

corporate dissolution takes place, the corporate identity survives for the limited purpose of winding up corporate affairs:

> A dissolved corporation continues its corporate existence but may not carry on any business except that appropriate to wind up and liquidate its business and affairs[.] . . . Dissolution of a corporation does not: (1) transfer title to the corporation's property[.]

Ind. Code § 23-1-45-5(a)-(b). LTC was incorporated and not dissolved when the instant litigation commenced. Assuming LTC was dissolved as reflected in the notice to the trial court, LTC continued its corporate existence as appropriate for winding up its affairs. Again, Kibbey is not an attorney and had no due process right to represent a corporate entity.

# Conclusion

Kibbey had no right to represent LTC and he did not timely appeal a judgment against himself.

Dismissed.

Riley, J., and Pyle, J., concur.